UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| STEVEN L. KINLEY, | : | CIVIL ACTION NO. 08-3724 (MLC) |
| | : | |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| | : | |
| v. | : | |
| | : | |
| U.S. POST OFFICE, t/n UNITED | : | |
| STATES POSTAL SERVICE, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**THE PLAINTIFF** — Steven L. Kinley — applying for in-forma-pauperis relief under 28 U.S.C. § 1915 (dkt. entry no. 1, App.); and the Court, based upon Kinley's assertions in support thereof, intending to (1) grant the application for in-forma-pauperis relief, and (2) direct the Clerk of the Court to file the complaint, see Kinley v. St. Francis Med. Ctr., No. 08-5496 (FLW), dkt. entry no. 2, 11-17-08 Order (granting in-forma-pauperis relief to same plaintiff); and

**IT APPEARING** that the Court may (1) review the complaint, and (2) dismiss it sua sponte if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, see 28 U.S.C. § 1915(e)(2)(B); and Kinley seeking to recover damages against the defendant — United States Postal Service ("USPS") — for alleged personal injuries suffered when he slipped and fell at a post office on January 25, 2005 (dkt. entry no. 1, Compl.); and

**IT APPEARING** that under the Federal Tort Claims Act, a plaintiff is required to (1) timely file an administrative claim with the agency at issue, and (2) exhaust all administrative remedies before an action is brought, see 28 U.S.C. §§ 2401(b), 2675(a); 28 C.F.R. § 14.2; and it appearing that the administrative remedies are exhausted when the claim is either denied or deemed denied due to a defendant's inaction, see 28 U.S.C. § 2675(a); and it appearing that these requirements are "unambiguous", McNeil v. United States, 508 U.S. 106, 111 (1993), and "jurisdictional and cannot be waived," Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003); and it appearing that it "is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit", United States v. Mitchell, 445 U.S. 535, 538 (1980) (quotation and citation omitted); and

**KINLEY** failing to (1) submit an administrative claim concerning his alleged injuries to the USPS, or (2) demonstrate that the USPS issued a final denial of the claim or that he otherwise exhausted all administrative remedies, see Medina v. City of Phila., 219 Fed.Appx. 169, 172 (3d Cir. 2007) (stating plaintiff carries burden of proof to establish presentment of the claim to the appropriate agency); and thus the Court intending to dismiss the complaint for failure to state a claim, as Kinley has

failed to meet the jurisdictional prerequisites for his claims; and for good cause appearing, the Court will issue an appropriate order and judgment.[1]


                                    s/ Mary L. Cooper
                              **MARY L. COOPER**
                              United States District Judge

Dated:  March 10, 2009

---

[1]  If Kinley has met the jurisdictional prerequisites for his claims, then he should file (1) a proper motion to reopen this action within ten business days of entry of the Memorandum Opinion and the Order and Judgment, and (2) proof that he has met the prerequisites.  See L.Civ.R. 7.1(i) (concerning motions for reconsideration).